# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA            :

              v.            :            **CRIMINAL NO. 12-03**

ROBERT FRANZ            :

## GOVERNMENT'S MOTION UNDER RULE 807 TO ADMIT EVIDENCE

The United States of America, by its undersigned attorneys, Zane David Memeger, United States Attorney for the Eastern District of Pennsylvania, and Jason L. Jones, Special Assistant United States Attorney, hereby asks for a pretrial determination of admissibility under Rule 104(a) of certain evidence. The government respectfully requests the Court to admit this evidence under Rule 807, the Residual Exception to the Hearsay Rule

## I. FACTUAL BACKGROUND

In Count Two of the indictment the defendant is charged with violating 18 U.S.C. 2252(a)(4)(b), possession of child pornography.  The government previously notified the defense that it intends to introduce two specific magazines that were seized from the defendant Robert Franz's house: "Child Love - Kinder Liebe 14" and "Child Love - Kinder Liebe 17."  The government will seek to introduce the magazines themselves into evidence in their entirety.  On the back page of each of the magazines is the following inscription:

Printed in Denmark
Copyright 1973
Color Climax Corporation
Kastrupvej 124
2300 Copenhagen S
Denmark

## II. DISCUSSION

Rule 104(a) requires a court to determine issues of admissibility of evidence. The issue presented here – whether the Court should admit evidence under Rule 807 – is not a common issue and delaying the decision until mid-trial will require the court to have the jury sit idle, while it considers this question. It makes more sense to decide the issue before the trial to have the trial run smoothly and without delays.

### A.  Magazine Publication information and Crawford

The magazine publication information is not barred by the Confrontation Clause as articulated by Crawford v. Washington, 541 U.S. 36 (2004) and its progeny.  Simply put, publication information is non-testimonial, it is not aimed at a specific case or situation nor created with an eye towards prosecution.  It is information provided to the public so that the public can ascertain who created a certain work, when it was published and where it was published.  The Third Circuit in United States v. Barrios, 676 F.3d 118, 126  (3d. Cir. 2012) noted "where non-testimonial hearsay is concerned, the Confrontation Clause has no role to play in determining the admissibility of a declarant's statement."  As noted in Barrios, there is no exact definition of "testimonial," nor is there an exhaustive list of what is or is not testimonial or what is or is not given a certain set of circumstances.  However, the Supreme Court in Davis v. Washington, 547 U.S. 813, 822 (2006) focused on statements being testimonial when the out-of-court statements were made with an eye "to prove past events potentially relevant to later prosecutions."  This can hardly be the case at bar, the publication information for Franz's magazines are almost 40 years old and have been available since the early 1970's.  The

2

statements are not statements of a person, but of a company conducting its regularly conducted business of publishing magazines. The 40 year old statements were hardly made with an eye towards criminal prosecutions. They do not relate to past events. This is merely information provided by the publisher of material to show when, where, and by whom the magazine was published. The fact that it may now satisfy the jurisdictional element of a federal criminal case is irrelevant to the Confrontation Clause, because the information was not published for that specific goal. As such, the publication information does not implicate <u>Crawford</u> and its admissibility is governed not by the Confrontation Clause, but by the Federal Rules of Evidence.

### B. <u>Magazine Inscriptions and Authentication</u>

Rule 902(7), Trade Inscriptions and the Like, provides that trade inscriptions are self-authenticating and require no extrinsic evidence of authenticity to be admitted. Rule 902(7) defines a trade inscription as "An inscription, sign, tag, or label purporting to have been affixed in the course of business and indicating origin, ownership or control." The government contends that the inscriptions in the back Franz's magazines, showing the place of publication, the date of publication and address of publisher fall within Rule 902(7) and are therefore self-authenticating.

### C.    The Court Should Admit the Inscriptions under Rule 807

Although some courts have ruled that evidence such as that proffered here is not hearsay,[1]

the government moves for their admission under Rule 807, the Residual Exception, rather than

argue this point. Rule 807 permits the Court to admit evidence that might otherwise be hearsay, if

certain conditions are met. The rule requires that the proponent of the evidence must give notice

before its consideration by the Court for admission.  This motion satisfies the notice requirement

under Rule 807(b) as to what evidence the government seeks to introduce.

Rule 807 allows admission if: 1) the statement has equivalent circumstantial guarantees

of trustworthiness; 2) it is offered as evidence of a material fact; 3) it is more probative on the

point for which it is offered than any other evidence that the proponent can obtain through

reasonable efforts and ; 4) admitting it will best serve the purposes of these rules and the interest

of justice. Rule 807 is to be used "rarely and only in exceptional circumstances and applies only

when certain exceptional guarantees of trustworthiness exist and when high degrees of

probativeness and necessity are present." United States v. Wright, 363 F.3d. 237, 245 (3d Cir.

---

[1] In United States v. Snow, 517 F.2d 441 (9th Cir. 1975), the government offered a briefcase in which the contraband firearm was found. There was a piece of red tape affixed to the briefcase with the defendant's name and that of his employer on it. The court upheld the admission of the briefcase with the tape to show that it belonged to the defendant. It rejected a hearsay challenge. In United States v. Alvarez, 972 F.2d 1000 (9th. Cir. 1991) the Ninth Circuit held that an inscription, "Garnika, Spain," on a firearm was not hearsay and that the government was allowed to argue that the firearm was manufactured in Spain and therefore had traveled in interstate commerce. In United States v. Patterson, 820 F.2d 1524 (9th Cir. 1987), and United States v. Fox, 357 Fed. Appx.64 (9th Cir. 2009), the Ninth Circuit upheld the admission of the camera's country of origin label to show that the camera used to make child pornography had traveled in interstate commerce, in violation of 18 U.S.C. § 2251(a).  In United States v. Koch, 625 F.3d 470 (8th Cir. 2010) the Court upheld the testimony of a law enforcement agent that a defendant's computer and flash drive's place of manufacture was China, because the labels said so, thus affirming a conviction for possession of child pornography. The court rejected a hearsay argument.

4

2004). This case is one of those rare and exceptional circumstances where the use of Rule 807 is appropriate and justice demands its use.

The statements regarding place of publication, date of publication and publisher have circumstantial guarantees of trustworthiness. Publishers of magazines, particularly those for sale, wish to inform the buying public of how to buy additional copies and therefore have an interest in proving accurate and truthful information. Another reason for the inscription was to give notice of copyright ownership, so that those seeking to use the material would know where to address requests for permission to copy it. Franz's magazines are from the 1970's, an era where child pornography magazines were by necessity sent through the mail, providing the additional incentive for the publisher's publication information to be correct. Additionally, it would provide little benefit for a publisher to publish incorrect publisher information, thus frustrating possible consumers and perhaps sending consumers to rival publishers.

Another indicator of the reliability of the matters asserted is the very name of the magazine, "Child Love – Kinder Liebe." "Kinder Liebe" is "child love" in German. That title gives a strong suggestion that the material was printed outside the United States. While today, a publication in Spanish, Chinese, or Vietnamese would not be a strong indicator of extraterritorial origin, the use of German in the United States in 1970 (and today) was (and remains) rare. In addition, some of the children appear to be from South Asia (India or Pakistan), making it more likely in the 1970s that these pictures originated outside the United States.

The publishing information would be used by the government as evidence of a material fact. The inscription makes it more likely than not that the magazines were published in Denmark and hence traveled in interstate or foreign commerce to reach Pennsylvania.

5

Movement in interstate commerce is an element of the crime. Thus, the evidence is relevant – it makes a fact of consequence more likely than not. Rule 401.

The government has little, if any, other evidence to show that the magazines traveled in interstate commerce other than the magazine's publication information itself. The publication information it is more probative on the point for which it is offered than any other evidence that the government can obtain through reasonable efforts. The magazines are contraband in America and are 40 years old. The government has no methodology other than the magazines themselves to show their place of manufacture. While the government is making inquiries whether other law enforcement agencies have investigated these magazine titles and what evidence may have been used, there is no other evidence in this case at this time other than the magazines themselves.

Admitting the publication evidence will best serve the purposes of the Federal Rules of Evidence and the interest of justice. The purposes of the Federal Rules of Evidence are to allow an orderly presentation of evidence that meets threshold requirements of admissibility. It is important to consider also that this situation does not represent a factual scenario of dueling evidence. There is certainly no evidence that the magazines were made in Pennsylvania and therefore traveled only in intrastate commerce. Second, the interest of justice calls out for admission, as without this admission it is unlikely that the government would be able to prove that the magazines traveled in interstate commerce. While normally the importance of a piece of information does not matter towards the admissibility of the evidence, the Rule specifically asks if there is other evidence that is more probative on the point. The answer is "No." Finally, this evidence does not go the issues of the defendant's possession or knowledge, but to jurisdiction.

6

While Rule 807 may be used sparingly, this is an appropriate time for its use. Without the use of the magazine's own internal information, it is likely that the government would be forced to dismiss the magazines from Count Two, a miscarriage of justice. The government should be allowed to present the evidence as it found it at Franz's house, including within that the publication information of the contraband magazine and therefore argue that the magazines traveled in interstate or foreign commerce.

## III.   CONCLUSION

Wherefore, the government respectfully requests that the Court admit the evidence, either because it is not hearsay, or under the Residual Exception of Rule 807.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney

MICHAEL L. LEVY
Chief, Cyber Crimes and Child Exploitation

JASON JONES
Special Assistant United States Attorney

7

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served via

electronic filing upon:

> Richard Hark, Esq
> Hark & Hark
> 1818 Market Street, 30th Floor
> Philadelphia, Pa 19103

JASON JONES
Special Assistant United States Attorney

Date: 29 JAN 13

8

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | **CRIMINAL NO. 12-03** |
| ROBERT FRANZ | : | |

## <u>ORDER</u>

AND NOW, this        day of          2013, it is hereby ORDERED that the inscription on the magazines designating their origin is admissible under Rule 807.

The Court, weighing the factors of Rule 807 makes the following finding of facts and conclusions of law when making its determination:

1) The government seized both magazines"Child Love - Kinder Liebe 14" and "Child Love - Kinder Liebe 17 " from the defendant's house during a lawful search. The Court has previously denied the defense motions to suppress the seized evidence and will not reassess its previous decisions here.

2) The government has complied with notifying the defense of their intention to use evidence under Rule 807, a procedural prerequisite. The Court finds that the government seeking an in limine determination of the evidence satisfies the procedural requirement of Rule 807(b).

3) The court has considered the motions and arguments of counsel and has determined that an evidentiary hearing on the matter is not required for the court to makes its determination.

4) The Court has considered the factors articulated by Rule 807 when determining its

decisions, specifically: A) the statement has equivalent circumstantial guarantees of trustworthiness; B) it is offered as evidence of a material fact; C) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts and ; D) admitting it will best serve the purposes of these rules and the interest of justice.

5. The Court is aware that the Third Circuit Court of Appeals has cautioned that Rule 807 is to be used rarely and only in exceptional circumstances and applies only when certain exceptional guarantees of trustworthiness exist and when high degrees of probativeness and necessity are present." United States v. Wright, 363 F.3d. 237, 245 (3d Cir. 2004). The Court finds that the Rule is applicable to the current case and its use will further the ends of justice and that the evidence shall be admitted.

6. The Court believes that the publication information on the magazines has circumstantial guarantees of trustworthiness. The Court finds that the imprints are most likely related to the name and publication of the magazines publisher, they would serve no other realistic purpose. It is also an important factor that both magazines have the same imprint, showing that the publisher included the information repeatedly, holing themselves out to be the publisher of the magazines.

7. The Court believes that the information it is offered as evidence of a material fact. The government must prove beyond a reasonable doubt that the magazines traveled in interstate commerce. The magazine's information can be reasonably read, and a reasonable juror could infer, that the magazines were published in Denmark and hence have traveled in interstate commerce by their presence in Pennsylvania, a material fact directly related to an element the government must prove.

2

8.  The Court finds that the publication information is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts. As noted by the government, there is no other evidence on point to show interstate commerce. While the importance of a piece of evidence is not normally a factor in its admission, as Rule 807 orders such a consideration be evaluated, and the Court has done so. The Court finds that a reasonable juror, reviewing the publication information, could determine that the magazines were printed in Denmark and based upon that information alone could determine the required interstate commerce element. As the government has no other evidence on interstate commerce, the Court finds the information is extremely probative.

9.  The Court finds that admitting it will best serve the purposes of the Federal Rules of Evidence and the interest of justice. The publication information is printed in two magazines and provides circumstantial evidence that the magazines were produced in Denmark, as charged in Count Two of the indictment. The government must prove that the magazines traveled in interstate commerce, as such, the information is directly on point to a required element of the crime. The presentation of the information will not require any additional witnesses nor expert opinion, the magazines speak for themselves. The information is probative, relevant and not more prejudicial than probative under Rule 403. The publication information are words, not images. Admission of the magazines' publication information does not foreclose the jurors from rejecting the information or accepting a defense argument that the magazines were not made in Denmark. Admission of the magazines publication information does not foreclose the jurors from rejecting a defense argument that the images contained within the magazines are not child pornography as defined by statute. Nor does admitting the magazines' publication information

3

prove that the images are child pornography, as defined by statute. Admission of the magazines' publication information only allows the jurors to make a determination on the required element that the magazines were made in Denmark in the early 1970's and thus traveled in interstate commerce. This does not foreclose any defense argument made to the jury, nor prevent the defense from introducing evidence, if it choose to do so, that cast doubt on the authenticity of the publication information.

10. The Court also finds that the publication comports with Rule 902(7), Trade Inscriptions and the Like. The information on the magazine can reasonably be read as publication information, particularly as it appears in each magazine. As such, the government need not provide extrinsic evidence for further authentication.

11. The Court finds that the publication information for both magazines is non-testimonial and therefore is not barred by the Confrontation Clause of the Sixth Amendment, as articulated by Crawford v. Washington, 541 U.S. 36 (2004) or United States v. Barrios, 676 F.3d 118 (3d. Cir. 2012). The Court finds that the information is actual publication information for the magazine's publisher, denoting its place of publication, the date of publication and address for correspondence with the publisher. Such information, routinely provided in magazines and books, is non-testimonial for Confrontation Clause purposes. Publication information is not made with an eye to prove past events potentially relevant to later prosecutions. The publication information is approximately 40 years old and was made in the regular course of business, not the type of information that the Confrontation Clause bars.

4

WHEREFORE, the Court GRANTS the Government's Motion.

BY THE COURT:

_____

HONORABLE BERLE M. SCHILLER
*Judge, United States District Court*

5