IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 12-03 |
| ROBERT FRANZ | : | |

### GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S PETITION TO TERMINATE SUPERVISED RELEASE

The United States of America, by its undersigned attorneys, William M. McSwain, United States Attorney for the Eastern District of Pennsylvania, and Nelson S.T. Thayer, Jr., Assistant United States Attorney, respectfully submits this response in opposition to the defendant's petition to terminate supervised release (the "Petition").

On January 5, 2012, the defendant was indicted by a grand jury in the Eastern District of Pennsylvania on charges of violating 18 U.S.C. § 2252(a)(2) (receipt of child pornography) (Count One) and 18 U.S.C. § 2252(a)(4)(B) (possession of child pornography) (Count Two). Trial commenced on February 11, 2013, and on February 13, 2013, the jury convicted the defendant on Count One and acquitted him on Count Two. On May 13, 2013, the defendant was sentenced by this Court to 60 months' incarceration, to be followed by five years of supervised release, and ordered to pay a $100 special assessment and a $10,000 fine. The defendant commenced his supervised release term on October 17, 2017, which is set to expire on October 16, 2022. The defendant now seeks to terminate his supervised release early. Because the defendant has not demonstrated exceptionally good behavior to warrant early termination, the government files this response in opposition to the defendant's Petition.

1

I.  **LEGAL STANDARD**

Section 3583(e) of Title 18 authorizes the sentencing court to terminate a term of supervised release prior to its expiration. *See Burkey v. Marberry*, 556 F.3d 142, 146 n.3 (3d Cir. 2009) (citing *United States v. Lussier*, 104 F.3d 32, 34-35 (2d Cir. 1997)). The defendant must have served one year of supervised release and the sentencing court must determine that "such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Section 3583(e)(1) directs the sentencing court to consider the factors set forth in 18 U.S.C. § 3553(a).

When considering terminating supervised release, courts look to "new or unforeseen circumstances" such as exceptionally good behavior in determining whether early termination is appropriate. *Lussier*, 104 F.3d at 36 (noting that "occasionally, changed circumstances-for instance, exceptionally good behavior by the defendant…will render a previously imposed term or condition of release…too harsh"). However, simply doing what was expected by a defendant on supervised release, such as paying financial obligations and not committing further crimes, is not a basis that courts have found merits early termination. *See United States v. Osorio*, 2016 WL 4098589 (E.D.N.Y. 2016) (denying motion to terminate supervised release because the defendant has not demonstrated any "exceptional" behavior); *see also United States v. Antico*, 2008 WL 2973033 (E.D. Pa. 2008) (denying motion to terminate supervised release because defendant had not done more than satisfactorily fulfill what was required of him, and early termination is not warranted as a matter of course). The Third Circuit notes that its district courts tend to use the *Lussier* "exceptional behavior" language to support following that standard. *See*

*United States v. Kay,* 283 Fed. Appx. 944, 946 (3d Cir. 2008), citing *United States v. Smith,* 445 F.3d 713, 717 (3d Cir. 2006).

In this case, the defendant's actions do not approach the exceptional behavior standard set forth by the Third Circuit; consequently, the government respectfully requests that the Court deny his Petition.

## II. THE DEFENDANT HAS NOT DEMONSTRATED EXCEPTIONALLY GOOD BEHAVIOR

### A. The Sentence Imposed was Reasonable.

At sentencing, after considering the factors set forth in 18 U.S.C. Section 3553(a), this Court imposed a sentence of 60 months' imprisonment, the mandatory minimum term and lowest sentence which could have been imposed under the law, to be followed by five years of supervised release. The Court's sentence was not challenged by the defendant on appeal.

### B. The Defendant Has Been Minimally Compliant and Required Counseling by U.S. Probation Owing to His Problematic Online Activity.

The defendant now seeks to terminate his term of supervised release, despite his Petition lacking any basis to suggest that he meets the exceptionally good behavior standard. Rather, it appears that the defendant has been, at best, minimally compliant. He has abided by his modest reporting requirements (which almost exclusively entail home visits and have rarely required the defendant to report to Probation in person), not been arrested and paid his special assessment and fine. However, none of this is extraordinary; rather, it is merely satisfying these minimal conditions of his supervised release, which anyone under court supervision is obligated and expected to do.

Moreover, the defendant's assertion that he has been "totally compliant" with all of the terms of his supervision is not accurate. The United States Probation Officer assigned to supervise the defendant has had to counsel and warn him regarding the problematic nature of his online conduct, which bespeaks a continued sexual interest in minors, and has thus been a source of concern for the Probation Office. For example, beginning approximately four months from his release from Bureau of Prison custody, from February of 2018 up through June of 2019, the defendant's internet search and purchase history has included books and movies demonstrating a clear child-centric sexual focus, including "Young and Beautiful," a video in the defendant's search history which one review described as about a young teenager having "intense sex" with men of different ages; "Age of Consent," a video purchased by the defendant; "Puppy Love," a video involving teenagers; "Age of Innocence;" and "Lolita Goes To College."[1]

None of the aforementioned items contain child pornography, to the government's knowledge. Nevertheless, focusing on their legality misses an important point, illustrated by the analogy that while matches and accelerants might be otherwise legal to possess, a convicted pyromaniac who seeks repeatedly to possess them while under supervision and without treatment for his condition, poses a continued public safety risk. To be sure, the defendant no doubt will point to his First Amendment right to consume and possess such presumably "legal" visual content as that listed above; however, their unifying theme of sexual activity by minors demonstrates that it is too early safely to relieve the defendant of his supervised release obligations. This is particularly troubling because the circumstances of this case revealed, as

---

[1] "Lolita" is a term commonly used by child sex offenders to search for and obtain sexually-explicit materials involving children.

noted in the Presentence Investigation Report, that the defendant possessed a "massive" amount of child erotica, in addition to the child pornography for which he was convicted of possessing. PSR at 4, ¶ 12. The defendant's consistent focus on these "legal" materials involving teenagers or actors portraying teenagers engaged in sexual activity shows that they remain his child pornography, and thus demonstrates that he clearly needs to remain under supervision. Indeed, despite being aware that his internet activity is monitored, the defendant nevertheless repeatedly accessed questionable content which he well knows pushes up against a line that if not criminal, skirts contempt of the authority of this Court. Particularly when viewed in the context of the defendant's utter lack of remorse or acceptance of responsibility, his conduct while on supervised release cannot reasonably be characterized as "exceptionally good." In this case, the interest of justice militate in favor of continuing the defendant's supervised release, not terminating it early.

### III.  CONCLUSION

Quite simply, the defendant presents no exceptional circumstances to justify ending his supervised release early. As such, the government respectfully requests that the Court deny his request.

Respectfully submitted,

WILLIAM M. McSWAIN
United States Attorney

_/s/ Nelson Thayer_
NELSON S.T. THAYER, JR.
Assistant United States Attorney

Dated: November 15, 2019

5

## CERTIFICATE OF SERVICE

I certify that on this day I caused a true and correct copy of the Government's response in opposition to the defendant's Petition to Terminate Supervised Release to be served by electronic court filing on the below counsel for the defendant:

>Richard Q. Hark, Esq.
>Hark & Hark
>1835 Market Street, Suite 2626
>Philadelphia, Pa 19103

>NELSON S.T. THAYER, JR.
>Assistant United States Attorney

Dated: November 15, 2019

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 12-03 |
| ROBERT FRANZ | : | |

## ORDER

AND NOW, this _____ day of _____, 2019, upon consideration of the Defendant's Petition to Terminate Supervised Release, and the Government's response in opposition thereto, it is hereby

**ORDERED**

that the Petition is **DENIED**.

BY THE COURT:

_____
**HONORABLE BERLE M. SCHILLER**
United States District Court Judge
Eastern District of Pennsylvania